IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES R. BRAKE,** )
)
Plaintiff, )
)
v. )                    **Civil No. 08-877-JPG-CJP**
)
**MICHAEL LEAVITT, and** )
**MICHAEL B. MUKASEY**, )
)
Defendants. )

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to United States District

Judge J. Phil Gilbert pursuant to **28 U.S.C. § 636(b)(1)(B)**.

In accordance with **42 U.S.C. § 405(g)**, plaintiff James R. Brake seeks judicial review of

the final agency decision finding that he is not disabled and denying him Disability Insurance

Benefits and Supplemental Security Income pursuant to **42 U.S.C. § 423**.[1]

Now before the Court is defendants' Motion to Dismiss.  **(Doc. 9)**.  Plaintiff filed a

response at **Doc. 11.**

Defendants move to dismiss for two reasons.  First, they argue that plaintiff has not

named the correct defendant.  Secondly, they argue that the complaint was not timely filed.

### The Correct Defendant

At the time suit was filed, defendant Michael O. Leavitt was the Secretary of Health and

---

[1]The statutes pertaining to Disability Insurance Benefits (DIB) are found at 42 U.S.C. §
423, et seq..  The statutes and regulations pertaining to SSI are found at 42 U.S.C. §§ 1382 and
1382c, et seq.  For all intents and purposes relevant to this motion, the DIB and SSI statutes are
identical.

1

Human Services, and defendant Michael B. Mukasey was the United States Attorney General. Neither the Secretary of Health and Human Services nor the Attorney General are proper defendants in this case.  Rather, the correct defendant in an action seeking judicial review of a final decision denying an application for Social Security benefits is the Commissioner of Social Security.  **42 U.S.C. §405(g); 42 U.S.C. §1383(c)(3)**.  See also, 20 C.F.R. §422.210(d).

The named defendants must be dismissed.

### Timeliness of the Complaint

A complaint seeking review of a final decision denying an application for Social Security benefits must be "commenced within sixty days after the mailing to [the claimant] of notice of such decision or within such further time as the Commissioner of Social Security may allow." **42 U.S.C. §405(g); 42 U.S.C. §1383(c)(3)**.  The sixty-day time limit "operates as a statute of limitations."  ***Loyd v. Sullivan***, **882 F.2d 218, 219 (7th Cir. 1989)**.  The limit is "a condition on the waiver of sovereign immunity and thus must be strictly construed."  ***Bowen v. City of New York***, **106 S.Ct. 2022, 2029 (1986)**.

Here, the parties agree that the final decision was dated October 7, 2008.  **See, Doc. 9, p. 2; Doc. 11, ¶2**.  A copy of the final decision, entitled "Notice of Appeals Council Action," is attached to **Doc. 9 as Exhibit 2**.  The Notice was sent to both plaintiff and his attorney.

The Notice states at page 2 that a civil action seeking review of the denial must be filed within sixty days, and explains that the sixty-day period "starts the day after you receive this letter."  The Notice further states that "We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period."  This last provision is in accordance with 20 C.F.R. §422.210(c).

Plaintiff's response does not deny that he received the final decision within the five-day period.  Therefore, the latest day on which the plaintiff could have filed a timely complaint was December 11, 2008.

**42 U.S.C. §405(g)** and **42 U.S.C. §1383(c)(3)** require that plaintiff's action be "commenced" within sixty days of the final decision denying him benefits.  "A civil action is commenced by filing a complaint with the court."  **Fed.R.Civ.P. 3**.  A pleading is filed by "delivering it to the clerk" or to "a judge who agrees to accept it for filing."  **Fed.R.Civ.P. 5(d)(2).**

This Court instituted a mandatory electronic case filing ("ECF") system in January, 2004.  Pursuant to *Electronic Filing Rule 1*, all civil cases are assigned to the ECF system, and "Attorneys must utilize the ECF system, unless specifically exempted by the court for good cause shown."  There is no indication that plaintiff's counsel was exempted from using the ECF system.  In fact, he is registered with the system and has electronically filed his pleadings in this case.

*Electronic Filing Rule 3* provides the following with respect to the filing of pleadings:

> Electronic transmission of a document to the ECF system consistent with these rules, together with the transmission of a "Notice of Electronic Filing" from the court, constitutes filing of the document for all purposes....When a document has been filed electronically, the official record is the electronic recording of the document as stored by the court, and the filing party is bound by the document as filed. Except in the case of documents first filed in paper form and subsequently submitted electronically under Rule 1, a document filed electronically is deemed filed at the date and time stated on the "Notice of Electronic Filing" from the court."

The complaint in this case, **Doc. 3**, was electronically filed by plaintiff's counsel.  The Notice of Electronic Filing for **Doc. 3** states that the complaint was filed on December 18, 2008, at 2:39 p.m..

3

This case was opened in the Court's electronic filing system on December 12, 2008.  **See, Notice, Doc. 1**.  Had the complaint been filed on that date, it would have been one day late.  However, the complaint was not filed on that date.  The Notice, which was electronically transmitted to plaintiff's counsel, explains that the procedures for filing a new case are set forth in Section 4.0 of the CM/ECF User's Manual.  The Notice clearly states **"At this point, no documents have actually been filed."** (emphasis in original).  The Notice further instructs that documents are to be electronically filed by the attorney, beginning with the complaint.  Aside from the Notice, the only documents that were filed on December 12, 2008, were counsel's motion to appear pro hac vice and the order granting same.  **See, Doc. 2**.

In his response to the motion, plaintiff's counsel states that he mailed the complaint, civil cover sheet, and motion for leave to proceed in forma pauperis to the clerk of court on December 8, 2008, "for scanning and filing."  **Doc. 11, ¶4**.  Laying aside the question of whether mailing the complaint for scanning and filing was procedurally correct, the date of mailing is irrelevant.  Except in the case of prison inmates, pleadings are deemed filed when they are received by the clerk, and not when they are mailed.  **"**The posting of papers addressed to the clerk's office does not constitute 'filing' under Rule 5(e)."  ***Raymond v. Ameritech Corporation***, **442 F.3d 600, 604-605 (7th Cir. 2006).**

### Recommendation

The named defendants are not proper parties, and the complaint must be dismissed as to them.  Further, because the complaint was not timely filed, this Court recommends that defendants' Motion to Dismiss **(Doc. 9)** be **GRANTED**, and that the complaint be dismissed with prejudice.

4

Objections to this report and recommendation must be filed on or before November 23, 2009.

**Submitted: November 5, 2009.**


**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**