UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JAMES R. BRAKE,

    Plaintiff,

  v.

MICHAEL LEAVITT, *Secretary, U.S. Department of Health and Human Services*, MICHAEL B. MUKASEY, *U.S. Attorney General*,

    Defendants.

Case No. 08-cv-877-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Magistrate Judge Clifford J. Proud's Report & Recommendation ("R&R") (Doc. 12) of November 5, 2009, wherein Magistrate Judge Proud recommends that the Court grant Defendants' Motion to Dismiss (Doc. 9) for lack of jurisdiction and dismiss this case with prejudice accordingly. Specifically, Magistrate Judge Proud held that Plaintiff James Brake failed to name the correct defendant and that Brake's Complaint (Doc. 3) was untimely. Brake filed an Objection (Doc. 13) to the R&R, to which Defendants filed a Response (Doc. 14).

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court must review *de novo* the portions of the report to which specific written objections are made. Fed. R. Civ. P. 72(b). However, the mere filing of a document labeled "objection" does not guarantee *de novo* review. *See, e.g.*, *Betancourt v. Ace Ins. Co. of P.R.*, 313 F. Supp. 2d 32, 34-35 (P.R.D.C. 2004). In *Betancourt*, the district court placed emphasis on the specificity requirement of objections under Rule 72(b), holding that "the objections [to an R & R] . . . are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Id* at 34. Subsequently, the court applied a clear error standard of review to the portions of the report on which plaintiffs "objected" by merely duplicating the language of their brief considered in the report.

The facts of *Betancourt* bear a strong resemblance to those presently before the Court. Brake's "objection" strongly resembles his Response (Doc. 11), incorrectly labeled as a "Reply," to the dismissal motion underlying the R&R. In fact, Brake's objection only references two arguments, if they can be called that, that were not contained in his response brief. As such, only the portions of the R&R involving these arguments will necessitate *de novo* review.

First, with respect to whether the correct defendants are named, Brake maintains that "[t]he United States Attorney's Office in Benton, Illinois, by way of Answer and Motion, added the Commissioner [of Social Security] as a party to the action." (Doc. 13, p. 2 ¶ 2.b.). However, as pointed out in the response to Brake's objection, the United States Attorney's office has merely acted in this litigation on behalf of Defendant Michael Leavitt, Secretary of the United States Department of Health and Human Services, and Defendant Michael Mukasey, United States Attorney General. The Court is unaware of any precedent, and Brake does not cite to any, that would have the defensive tactics of Leavitt and Mukasey impute defendant status to the Commissioner of Social Security.

The only other argument that Brake makes is with respect to the timeliness of his complaint. He contends, and the Court will accept as true, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007), that certain papers he sent to the Clerk of Court's office on December 5, 2008, were "misplaced" by courthouse staff. (Doc. 13, p. 2 ¶ b). These papers included a CM/ECF registration form and registration fee for plaintiff's counsel as well as his Motion (Doc. 2) to appear *pro hac vice*. However, as made clear by Magistrate Judge Proud for reasons that need not be repeated here, the action in this Court was not commenced until the filing of plaintiff's complaint, which was filed on December 18, 2008.[1] Brake's assertion that "[t]his matter was commenced on December 5, 2008[,] as per the United States District's Court [sic] direction," is flat wrong. Any misplaced documents, so long as they did not include the complaint, bear no relationship to the statute of limitations in this case.

In sum, the Court has reviewed the entire file and finds that the unobjected portions of the R&R are not clearly erroneous. In addition, the Court finds that the portions of the R&R to which Brake objected survive *de novo* review. Accordingly, the Court hereby **ADOPTS** the R&R (Doc. 12) **in its entirety**, which **GRANTS** Defendants' Motion to Dismiss (Doc. 9). Further, the Court **DISMISSES** this case **with prejudice**. Finally, the Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED**
**DATED: April 9, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[1] The statute of limitations ran on December 11, 2008.